# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | CASE NO.: CR509-14 |
| DAVID LEE STOKES | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant David Lee Stokes ("Defendant") has been charged with possession of a firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Defendant filed two Motions to Suppress and the Government filed a Response. The undersigned conducted an evidentiary hearing on October 1, 2009, at which Charlton County Deputy Emmett Powell testified.

## FINDINGS OF FACT

The credible testimony at the evidentiary hearing established the following:

On November 22, 2007, at approximately 3:00 p.m., Deputy Powell was advised by dispatch that bullets had been fired through a window at a residence on Farm Road in St. George, Georgia. Deputy Powell met with Michelle Brown, the complainant, at her residence. Deputy Powell spoke with Ms. Brown's brother and was advised that subjects had been firing a gun at Ms. Brown's residence. Deputy Powell entered the residence, a single-wide trailer, and observed a broken window with a bullet hole. Deputy Powell was given directions to a residence from which the complainant

suspected the shots had been fired. Deputy Powell went to the residence on Pine Acres Road and made contact with the Defendant, his son, and his son's friend. Defendant told Deputy Powell that they had been shooting a .30-06 and a .270. Deputy Powell ran Defendant's license and found that he had a valid Florida license and was not wanted anywhere. Deputy Powell asked who had been shooting the firearm and Defendant stated that he had been the one shooting. Defendant called Officer Hendrix, another officer on duty, and was advised to go to the complainant's residence to determine whether they wanted to file charges. Deputy Powell suspected that Defendant was a convicted felon. Deputy Powell contacted Captain Jones and was advised to obtain Defendant's firearms to ensure the security and safety of the public and because there had been criminal damage to the complainant's property. He returned to Defendant's residence and requested that Defendant turn over his firearms. Defendant retrieved the firearms from his truck and turned them over to Deputy Powell. Deputy Powell took the firearms to the sheriff's office, filled out an evidence receipt, and turned the firearms over to Captain Jones.

## ISSUES PRESENTED

Defendant asserts that the firearms that were obtained by Deputy Powell should be suppressed because no exigent circumstances existed warranting their seizure. Defendant also asserts that the statements he made to Deputy Powell on November 22, 2007 should be suppressed because he was not read his <u>Miranda</u> rights.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Seizure of Defendant's Firearms**

Defendant claims no exigent circumstances existed that justified Deputy Powell's seizure of Defendant's firearms without a warrant. Defendant asserts that an exigent circumstance would exist if "the law enforcement officer believed that evidence might be destroyed or removed before a warrant could be served." (Doc. No. 13, p. 2). While Defendant's assertion is correct, it is not complete. "A common situation in which th[e exigent circumstance] exception applies is a 'danger to arresting officers or the public.'" United States v. Johnson, 295 Fed. Appx. 342, 347 (11th Cir. 2008) (citing United States v. Satterfield, 743 F.2d 827, 843-44 (11th Cir.1984)).

Deputy Powell stated that Defendant admitted that he had been firing his firearms in the direction of the complainant's home. During his testimony, Deputy Powell stated, "I was advised by Captain Jones to retrieve the guns because of the original situation, the criminal damage to property, to secure the guns for the purpose of the public safety." (Doc No. 38, p. 40). Deputy Powell also stated that he suspected that Defendant was a convicted felon. (Id. at p. 22). Defendant's continued possession of the firearms constituted a danger to the public validating Deputy Powell's seizure of them without a warrant.

II. **Miranda Warnings**

Defendant avers that he was detained on November 22, 2007, and made statements to Deputy Powell that should be suppressed because he was not read Miranda warnings. The Government asserts Defendant was not in custody at the time

of Deputy Powell's inquiry and was not arrested immediately following his admission that he had done the shooting; therefore, Miranda warnings were not required.

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id. "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Id.

The testimony of Deputy Powell establishes that Defendant was not in custody when he was asked who had been shooting the firearms, nor was he otherwise deprived of his freedom of action in a significant way. The statements Defendant made about his involvement in the shooting incident did not require Miranda warnings and are not subject to suppression.

## CONCLUSION

Based on the foregoing, Defendant's Motions to Suppress should be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 15th day of January, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE